| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF <u>SPARTANBURG</u> ) | |
| ) | |
| <u>PATSY BAILEY, INDIVIDUALLY AND AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF DONNA RENEE BAILEY AND DALE BAILEY, INDIVIDUALLY,</u> ) | CIVIL ACTION COVERSHEET |
| **Plaintiff(s)** ) | |
| vs. ) | 2016-CP - 42- 244 |
| <u>SOUTHEAST AMALGAMATED, INC. d/b/a SHELTON OIL & TRANSPORT CO., AND ITS EMPLOYEE, JOHN FINK, DECEASED, HIS HEIRS, PERSONAL REPRESENTATIVES, ADMINISTRATORS, SUCCESSORS AND ASSIGNS,</u> ) | *Served on 7-12-16 at 8:19 AM by H.B. McLee* |
| **Defendant(s)** ) | |

| Submitted By: <u>Bruce W. Bannister</u> | SC Bar #: | 15679 |
|---|---|---|
| Address: <u>PO Box 10007</u> | Telephone #: | 864/298-0084 |
| <u>Greenville, SC 29603</u> | Fax #: | 864/298-0146 |
| | Other: | |
| | E-mail: | bbannister@bannisterwyatt.com |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

- [x] **JURY TRIAL** demanded in complaint.
- [ ] **NON-JURY TRIAL** demanded in complaint.
- [ ] This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
- [ ] This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
- [ ] This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20____-NI-____-_____ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ Warranty (160) | ☐ Notice/ File Med Mal (230) | ☒ Wrongful Death (360) | ☐ Possession (450) |
| | ☐ Other (299) _____ | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment Discrim (170) | | ☐ Slander/Libel (380) | ☐ Other (499) _____ |
| ☐ Employment (180) | | ☐ Other (399) _____ | |
| ☐ Other (199) _____ | | | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| _____ | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | _____ | | ☐ Zoning Board (970) |
| | | ☐ Confession of Judgment (770) | ☐ Public Service Comm. (990) |
| | Special/Complex /Other | ☐ Petition for Workers Compensation Settlement Approval (780) | ☐ Employment Security Comm (991) |
| | ☐ Environmental (600) | | |
| | ☐ Automobile Arb. (610) | ☐ Pharmaceuticals (630) | ☐ Other (999) |
| | ☐ Medical (620) | ☐ Unfair Trade Practices (640) | _____ |
| | | ☐ Out-of State Depositions (650) | |
| | | ☐ Other (799) _____ | |

SCCA / 234 (12/2015)     Page 1 of 3

☐  Other (699) _____          ☐  Motion to Quash Subpoena in
                                      an Out-of-County Action (660)
☐  Sexual Predator (510)           ☐  Pre-Suit Discovery (670)

**Submitting Party Signature:** _____       **Date:** __06/29/2016__

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**   **You must comply with the Supreme Court Rules regarding ADR.**
                  **Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF SPARTANBURG<br><br>Patsy Bailey, individually and as the personal representative of the Estate of Donna Renee Bailey and Dale Bailey, individually,<br><br>          Plaintiffs,<br><br>vs.<br><br>Southeast Amalgamated, Inc. d/b/a Shelton Oil & Transport Co. and its employee, John Fink, deceased, his heirs, personal representatives, administrators, successors and assigns,<br><br>          Defendants. | IN THE COURT OF COMMON PLEAS<br>SEVENTH JUDICIAL CIRCUIT<br><br>CASE NUMBER: 2016-CP-42-2414<br><br>SUMMONS<br><br>(WRONGFUL DEATH ACTION)<br><br>JURY TRIAL DEMANDED |

**To:** Southeast Amalgamated, Inc., d/b/a Shelton Oil & Transport Co.

**To:** John Fink, deceased, his heirs, personal representatives, administrators, successors and assigns

    You are hereby summoned and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your answer to the Complaint upon the subscriber at 401 Pettigru Street, Greenville, SC 29603, within thirty (30) days after the service hereof, exclusive of the day of such service. If you fail to answer the Complaint within that time, a judgment by default will be rendered against you for the relief demanded in the Complaint.

                                                                           _____
                                                                           Bruce W. Bannister (SC Bar No. 15679)
                                                                           O. W. Bannister (SC Bar No. 506)
                                                                           Luke A. Burke (SC Bar No. 100033)
                                                                           **BANNISTER, WYATT & STALVEY, LLC**
                                                                           401 Pettigru Street (29601)
                                                                           P. O. Box 10007 (29603)
                                                                           Greenville, South Carolina
                                                                           Phone: (864) 298-0084
                                                                           Fax: (864) 298-0146

L. Jeffrey Hagood (TN BPR No. 012419)
*pro hac vice* application pending
Bradley H. Hodge (TN BPR No. 013829)
*pro hac vice* application pending
**HAGOOD MOODY HODGE PLC**
2100 Riverview Tower
900 South Gay Street
Knoxville, Tennessee 37902
Phone: (865) 525-7313

June 29, 2016
Greenville, South Carolina

CLERK OF COURT
SPARTANBURG COUNTY
2016 JUN 29 PM 12:34
M. HOPE BLACKLEY

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF SPARTANBURG<br><br>Patsy Bailey, individually and as the personal representative of the Estate of Donna Renee Bailey and Dale Bailey, individually,<br><br>    Plaintiffs,<br><br>vs.<br><br>Southeast Amalgamated, Inc. d/b/a Shelton Oil & Transport Co. and its employee, John Fink, deceased, his heirs, personal representatives, administrators, successors and assigns,<br><br>    Defendants. | IN THE COURT OF COMMON PLEAS<br>SEVENTH JUDICIAL CIRCUIT<br><br>CASE NUMBER: 2016-CP-42-2444<br><br>**COMPLAINT**<br><br>**(WRONGFUL DEATH ACTION)**<br><br>**JURY TRIAL DEMANDED** |

  COME NOW THE PLAINTIFFS, Patsy Bailey, individually and as personal representative and Dale Bailey, the parents and next of kin to their only child, and now deceased daughter Donna Renee Bailey, and bring this action for the horrific injuries she suffered and her resulting death caused by the Defendants, and sues Southeast Amalgamated, Inc. d/b/a Shelton Oil & Transport Co. ("Southeast Amalgamated"); and its deceased driver, John Fink ("Fink") and his estate, and will show:

## JURISDICTION

  1. The Plaintiff, Patsy Bailey is the duly appointed, qualified, and acting personal representative of the estate of her daughter, Donna Renee Bailey. Patsy Bailey has the authority to pursue this action on behalf of the wrongful death beneficiaries pursuant to S.C. Code § 15-51-20.

2. The Plaintiffs, Dale and Patsy Bailey are long time citizens and residents of Blount County, Tennessee, with a mailing address of 847 Bert Garner Lane, Maryville, Tennessee 37803.

3. That their precious deceased daughter, Donna Renee Bailey, was a citizen and resident of Knox County, Tennessee, and her mailing address was 122 Overbrook Drive, Knoxville, Tennessee 37926.

4. That Defendant Southeast Amalgamated, Inc., upon information and belief, may be served through its registered agent, William L. Everist, at Defendant Southeast Amalgamated's registered office address of 6 Beaver Lake Heights, Asheville, North Carolina 28804.

5. At the time of the incidents giving rise to this action, Southeast Amalgamated acted by and through its agents, contractors, and employees for the purpose of carrying on its business as a transportation company, and therefore, it is liable for the negligent acts of its agents, contractors, and employees, under the theories of non-delegable duty and *respondeat superior*.

6. Upon information and belief, the Defendant John Fink was a resident of the State of North Carolina. At the time of the incidents giving rise to this action, Defendant Fink was acting within the scope of his agency authority as an employee of Defendant Southeast Amalgamated.

7. All the Defendants hereintofore mentioned may be served through the North Carolina Secretary of State at their listed addresses.

## FOR A FIRST CAUSE OF ACTION
(Wrongful Death)

8.     On June 27, 2015, the now deceased Donna Renee Bailey was safely and conservatively operating her 1999 Nissan Pathfinder returning home from vacationing at Myrtle Beach, South Carolina, and driving in the "slow" lane of U.S. Interstate I-26 headed West when she neared Exit 17 at New Cut Road in Spartanburg County, South Carolina. The now deceased Donna Renee Bailey, keeping a proper lookout and operating her vehicle in a safe and conservative manner noticed a vehicle on the ramp attempting to enter U.S. Interstate I-26 West from New Cut Road and, as such, Donna Renee Bailey began to maneuver her vehicle into the "fast" lane of U.S. Interstate I-26 West to allow the merging traffic to enter. As Donna Renee Bailey maneuvered her vehicle into the "fast" traffic lane to allow for merging traffic, at a significant distance behind her was a 2006 commercial gasoline tanker truck owned by Defendant Southeast Amalgamated and driven by their deceased employee, Defendant Fink. At this time, the 2006 commercial gasoline tanker truck was full of highly flammable liquid fuel and hazardous materials and being operated at an excessive speed and in a reckless manner. Due to the excessive speed of the commercial gasoline tanker truck owned and operated by and for the benefit of Defendant Southeast Amalgamated, and operated in such a reckless and careless manner by the Defendant employee Fink, this commercial gasoline tanker truck filled with highly flammable liquid fuel negligently struck various vehicles, including Donna Renee Bailey's Nissan Pathfinder directly in the rear. Defendant Southeast Amalgamated's commercial gasoline tanker truck driven by Defendant Fink was operated in such a grossly negligent manner as a result of his excessive speed and in such a reckless manner at such an excessive speed that he lost total control of the tanker trailer as it sped on U.S. Interstate I-26 and struck Donna Renee Bailey's vehicle with such violent

3

force that an explosion soon ensued, which left Donna Renee Bailey screaming for help to escape the vehicle engulfed in fire as she was literally burning to death with no one able to help her as the explosion and resulting fire and heat were roaring at such an intense level that it was cataclysmic. This cataclysmic inferno of flames dozens of feet high and wide was solely caused by the negligence and utter reckless actions of Defendant Southeast Amalgamated and the Defendant driver, John Fink, and this catastrophic event burned two other people to death and burned another person very seriously and left U.S. Interstate I-26 West burning so severely that it was unusable until substantial repairs could be made.

9. While operating his vehicle on behalf of Defendant Southeast Amalgamated, Defendant Fink owed a duty of care to Donna Renee Bailey and to all drivers on the roadways.

10. Defendant Fink breached his duty of care through the negligent, grossly negligent, reckless, and wanton actions and lack of actions detailed herein.

11. As the direct and proximate result of the Defendant Fink's negligence in operating a commercial gasoline tanker truck hauling dangerous and flammable fuel at excessive speed (certainly a speed that was way too fast for conditions), Defendant Fink's failure to maintain a safe, clear distance between the commercial gasoline tanker truck of Defendant Southeast Amalgamated and the vehicles ahead of it, and Defendant Fink's failure to keep a proper lookout ahead and failing to keep the dangerous commercial gasoline tanker truck under control, Donna Renee Bailey suffered unimaginable physical and mental anguish, pain and suffering, and ultimately burned to her death. Defendant Fink was driving for the use, benefit and profit of Defendant Southeast Amalgamated and at all times herein was acting within the course and scope of his employment; thus, Defendant Fink's actions are

imputed to Defendant Southeast Amalgamated under the doctrine of *respondeat superior*, and Defendant Southeast Amalgamated is vicariously liable for Defendant Fink's negligence, gross negligence, recklessness, and fault.

12. That Defendant Southeast Amalgamated, and Defendant Fink operated the aforesaid commercial gasoline tanker truck in violation of many valid Federal and South Carolina State statues, including but not limited to the transportation of a nine year old child (James Fink) as an unauthorized passenger. Accordingly, the Defendants are further liable for negligence per se as to these violations of multiple state and federal statutes/regulations, including but not limited to:

| | |
|---|---|
| S.C. Code Ann. § 56-5-1520 | Speeding/Too Fast for Conditions |
| S.C. Code Ann. § 56-5-1520 | Failure to Keep Proper Lookout |
| S.C. Code Ann. § 56-5-1930 | Following too Closely |
| S.C. Code Ann. § 56-5-2910 | Reckless Vehicular Homicide |
| S.C. Code Ann. § 56-5-2920 | Reckless Driving |
| 49 U.S.C.A. § 31136(a) | United States Government Regulations; Minimum Safety Standards |
| F.M.C.S.R. § 383.51 | Disqualification of Drivers, including but not limited to speeding excessively, driving recklessly, and following the vehicle ahead too closely |

13. That Defendant Southeast Amalgamated negligently hired, trained, supervised, and entrusted Defendant Fink as its employee, and further deliberately failed to enforce Federal and South Carolina State safety rules that it knew, or should have known, were being violated by their employee Defendant Fink, all of which, singularly and/or combined, proximately resulted in this cataclysmic event that caused the horrific physical and mental

5

injuries to Donna Renee Bailey, and ultimately caused her death by burn, asphyxiation and strangulation.

14. The aforesaid occurrences were caused by the direct and proximate negligent, grossly negligent, grossly wrongful, and wanton actions of Defendant Southeast Amalgamated and Defendant John Fink, and as such, and in accordance with S.C. Code Ann. §15-51-19, §15-51-20, and §15-51-40, the Estate of Donna Renee Bailey is entitled to all the compensation available and reliance on these valid statues; including, but not limited to the following:

   a. The Plaintiffs will show that at the time of her death, Donna Renee Bailey was 51 years of age and was healthy and vibrant. As a result, the Plaintiffs will show that Donna Renee Bailey had a life expectancy in excess of approximately 83 years of life as predicted by the South Carolina Life Expectancy Tables, S.C. Code § 19-1-150.

   b. The Plaintiffs bring this lawsuit to recover for the unspeakable pain, suffering and anguish (both physical and mental) experienced by Donna Renee Bailey from the moment the fire consumed her vehicle after being struck from behind by the Defendant Fink, operating under the scope and employment and for the benefit and profit of Defendant Southeast Amalgamated.

   c. The Plaintiffs bring this action to recover the loss of the pecuniary value of the life of Donna Renee Bailey. For the expectancy of the life in light of her age, the robust condition of her health and strength, her capacity for labor and care – giving, and for her loss of enjoyment of life.

    d. The Plaintiffs will also show that they have incurred reasonable and necessary funeral and burial expenses and other costs from the death of their daughter, Donna Renee Bailey, and they bring this action to recover such expenses.

15. The actions of Defendant Southeast Amalgamated were grossly negligent and reckless in the negligent hiring, negligent training, negligent supervision, and negligent entrustment of Defendant John Fink as an employee who had shown a proclivity toward failure to obey valid safety regulations and statutes, and that Defendant Southeast Amalgamated either knew of such proclivity or should have known of such proclivity towards recklessness. The Plaintiffs will show that the actions and behavior of the Defendant Fink in illegally operating the commercial gasoline tanker truck on June 27, 2015, in wanton disobedience of the lawful speed limit for a driving speed that was safe under the circumstances and his failure to keep a proper lookout, and his failure to maintain control of and guide this extremely dangerous commercial gasoline tanker barreling down U.S. Interstate I-26 West constitutes a gross deviation from the standard of care that any ordinary person would exercise under the circumstances, thus justifying compensatory and exemplary damages.

16. The loss and damages alleged are the direct, proximate and sole result of the gross negligence and recklessness of the Defendant Southeast Amalgamated and Defendant Fink, and the Plaintiffs are entitled to compensatory and exemplary damages.

**FOR A SECOND CAUSE OF ACTION**
(Negligence)

17. Every relevant allegation above is realleged where not inconsistent with this cause of action.

7

18. Based on the foregoing, the Plaintiffs are entitled to actual and compensatory damages directly or proximately caused by the Defendants' negligent, grossly negligent, reckless, and wanton actions and lack of actions detailed herein.

### FOR A THIRD CAUSE OF ACTION
### (Gross Negligence)

19. Every relevant allegation above is realleged where not inconsistent with this cause of action.

20. Based on the foregoing, the Plaintiffs are entitled to actual and compensatory damages directly or proximately caused by the Defendants' negligent, grossly negligent, reckless, and wanton actions and lack of actions detailed herein.

21. Further, because of the grossly negligent and reckless nature of the Defendants' conduct and behavior cited above, the Plaintiffs are entitled to exemplary and punitive damages is an amount to be determined at trial.

### FOR A FOURTH CAUSE OF ACTION
### (Negligence *Per Se*)

22. Every relevant allegation above is realleged where not inconsistent with this cause of action.

23. Based on the foregoing, the Plaintiffs are entitled to actual and compensatory damages directly or proximately caused by the Defendants' negligent, grossly negligent, reckless, and wanton actions and lack of actions detailed herein due to the Defendants' violations of multiple state and federal statutes/regulations.

### FOR A FIFTH CAUSE OF ACTION
### (Loss of Consortium)

24. Every relevant allegation above is realleged where not inconsistent with this cause of action.

25. The Plaintiffs, Dale and Patsy Bailey, are the surviving parents of Donna Renee Bailey. Donna was their only child.

26. As a direct and proximate result of the acts of negligence, gross negligence recklessness, and wantonness of the Defendants described herein, the Plaintiffs have suffered the loss of Donna Renee Bailey's companionship, advice, counsel, experience, knowledge, and judgment in managing the affairs of herself and her beneficiaries.

27. All of which injuries and loss caused damages to the Plaintiff in an amount to be determined by this Court.

**WHEREFORE**, the Plaintiffs demand a trial by jury pursuant to Rule 38(b) SCRCP and the Plaintiff pray for judgment against the Defendants, for actual damages in an amount to be determined by the jury with the Plaintiffs allege to be in excess of Nine Million, Five Hundred Thousand Dollars ($9,500,000.00). Further, because of the grossly negligent and reckless nature of the Defendants' conduct and behavior cited above, the Plaintiffs are entitled to exemplary and punitive damages is an amount to be determined at trial. The Plaintiffs also seek any other relief to which they may be entitled, including, but not limited to, an award of attorneys' fees and costs, discretionary costs and prejudgment interest.

**SIGNATURE ON THE FOLLOWING PAGE**

Respectfully submitted,

_____
Bruce W. Bannister (SC Bar No. 15679)
O. W. Bannister (SC Bar No. 506)
Luke A. Burke (SC Bar No. 100033)
**BANNISTER, WYATT & STALVEY, LLC**
401 Pettigru Street (29601)
P. O. Box 10007 (29603)
Greenville, South Carolina
Phone: (864) 298-0084
Fax: (864) 298-0146


L. Jeffrey Hagood (TN BPR No. 012419)
*pro hac vice* application pending
Bradley H. Hodge (TN BPR No. 013829)
*pro hac vice* application pending
**HAGOOD MOODY HODGE PLC**
2100 Riverview Tower
900 South Gay Street
Knoxville, Tennessee 37902
Phone: (865) 525-7313

June 29, 2016
Greenville, South Carolina

10